Case number 22-1760, Al Sam Maldonado et al, a balance, v. District of Columbia, a municipal corporation. Mr. Huang, for the balance. Mr. Lau, for the ability. Good morning, Mr. Huang. Good morning. We are ready when you are. And please support. My name is Michael Huang from the firm Terrace Public 1,000,000, and I represent plaintiff's appellants. I'd like to reserve 1 minute of my time for rebuttal. This appeal may be decided by a basic principle. The case can't be moved if the violation alleged by plaintiffs is ongoing. As this court said in True the Vote v. IRS. This brought this case required the District of Columbia. To provide procedural due process to plaintiffs in the form of individualized written notice and their prescriptions are denied at the pharmacy. The district had a heavy burden to prove. And it failed to do so, because it could provide no evidence that its violations had actually ceased. Oh, just hold up just a minute here. The case was brought alleging that they did not. Have in place regulations or procedures or processes that would ensure that people got this. Notice of what there was for appeal and related rights. They have issued such a directive to all the participating pharmacies, have they not? Your Honor, the district's entire argument rests on the idea that plaintiffs only. So that would be a yes, right? They have done so. Well, plaintiffs factual allegations were that the district had no policies, procedures or practices. Plaintiffs specifically identified. But as far as practices, what you're talking about in practices would be a violation of what they have directed their pharmacies to do, right? Well, it would be implementation of their policy, their paper policy, I would add. So the remedy for that would appear to be that if they're individual cases where they're not doing it, that would be for action in those individual cases. And if this takes action to correct the failure to so direct its move, they've done what they were. That's what they were ordered to do. No, Your Honor, policy in our view is neither sufficient nor necessary. If plaintiffs only challenge their district's policy or the lack of a policy, then the district would be correct that the fact. Normally, it's stated many times in various cases that you cannot enjoin someone to obey the law. They're already compelled to obey the law. As far as if all you're doing is telling them don't violate this, then it's not a proper case for equitable relief. It's a proper case for individual administrative relief, isn't it? Your Honor, I believe that what the cases say is in a case of this nature that the issuance of a policy does not automatically move the case. Generally speaking, you cite the vote case, vote now, I think it is. But in those cases, in that one at least, the agency was actually, you started the classic injunction, quit discriminating. Okay, they had said, okay, people on our staff quit discriminating, but there was clear evidence that they were still discriminating. There was an affirmative act going on. Here, there's not an affirmative act you're trying to stop. There's a failure to act that you're trying to start. And that, I'm not sure how we can do anything at this stage to remedy that. That appears to be something you'd have to do in an individualized action. No, we disagree, Your Honor. I mean, you're absolutely correct that this case is very different from the situation where you're asking a defendant to stop doing something. Yeah. I mean, here we're alleging the deprivation of a right. Where the plaintiff's not allowed to do anything. To know you're wanting the contracting parties to start doing something. Right. And I'm not sure what more we could order the district to do when they've already told their promise to their pharmacist, you have to start doing this. Okay, Your Honor. What plaintiffs alleged in their complaint to be the unlawful conduct was the failure to give plaintiffs procedural due process. Yeah, right. It's, it's. Right, and I want to get to the stage where you can determine whether or not they're getting the process. Correct. They've been, we've done what the court can do on that, haven't we? What, what further? No, no. We can't go out and look at the drug stores and say whether they're failing to do that. Doesn't that require an individualized act? Your Honor, the district simply issued a policy on paper does not give plaintiffs procedural due process. What did they fail to do? They had, when the case started in 2010. No, no, no, no, no. Forget about when the case started. When we come now, and the district court has said it's moved. What is it that you say the agency, the district could have done that they haven't done? The district could have awarded much more injunctive relief. Could have done what? I'm sorry? It could, much more injunctive relief, Your Honor. It could have required the district to do monitoring of its policy. It could require the district to actually give the notice by training the pharmacies. It could require funding of the implementation of a program to give individualized written notice. There's many things that, that the district court was empowered to award as far as injunctive relief. Beyond even the injunctive relief, there's also the availability. So you would say that an action to enjoin them for, or mandatorily enjoin them from something they've not been doing would empower the district court to take over and run the district? Well, that's not what plaintiffs are saying, but as a practical matter, you know, it would be incumbent on the district to decide how it wants to. How can we draw an order that says it's incumbent upon you to decide how to do this? But you're, you're to do it, but it's been coming upon you and we're not gonna, we're not in a position to tell you. Well, Your Honor, it would be inappropriate for plaintiffs. Why is it not appropriate for the plaintiffs who, if they are actually not getting their process, to go to court and ask for their process? It's our first demanded of the district, and then if they don't get it, why is that not the appropriate way to proceed? Your Honor, we don't believe that's what the cases require. There's cases, including from this circuit, such as Superman and Truth Vote, which, which say that just because an agency has ostensibly changed its policy, that is not enough. But Truth Vote, again, that's where the IRS had claimed that they had quit discriminating, and then in the further proceedings after the district court, admitted that they still had people discriminating. It was, we were not there ordering them to go out and do something, we were ordering them to quit doing something. And as you admitted it earlier in your argument, it's the opposite of what passed before. Your Honor is correct, but we believe that the fact that the district is required to take affirmative steps to do something, and sustain that in perpetuity, that makes this case even harder to moot. Because the district is required to take affirmative action, that requires resources, that requires effort. And so, if the court were to, for example, apply the test for voluntary cessation, then that suggests that the district's violations would not be unlikely to recur. But we think that, as Truth Vote says, that the court doesn't even need to get there, because the district simply hasn't even shown, it hasn't met the threshold issue of showing that its violations have ceased. Truth Vote is not in point. Truth Vote is an opposite situation. You had admitted that the IRS were discriminating against certain employees, and certain entities, as far as the tax deductible status. Your Honor. They were, the IRS claimed, all right, we thought I'd be able to quit. But it came to court, and they admitted they hadn't quit. So we said, look, it's not moot, because they're still doing it, so quit doing it. That was very simple. This is not at all the same thing. Your Honor, we would submit that this case is exactly like that, because even though— No, it's 180 degrees off. Well, it's the same as Truth Vote, in the sense that plaintiffs came forward with clear, unrebutted evidence that violations are ongoing. And this, again— In which case the violations are a failure to do something. In Truth Vote, the agents of these violations were doing something. It's 180 degrees different is what the mandatory power, the injunctive power would have to be. You're correct, Your Honor, that the injunction that will be awarded is certainly different. But we think that distinction actually works in our favor as far as considering the mootness question. It is much easier for a defendant to stop doing something. Most of the time, it's going to be costless. In this situation, the district was required to come forth with specific facts to show that due process violations actually ceased. But plaintiffs did not— that this isn't going to happen again when the thing you're talking about not happening is an affirmative act. You lost me here. How do you think this is in your favor? Well, Your Honor, the test, the well-established standard for determining mootness in a situation like this is voluntary cessation. This Court said cessation is not near cessation. Case is not moot if it's moot as to the vast majority of parties. So cessation, by definition, that means to bring an end to something. It is difficult, Your Honor. Conceitedly, it would be difficult for a defendant to show mootness, but that is as it should be because mootness would deprive the court of subject matter jurisdiction. So for the district court to decide at the motion-to-dismiss stage that this case was moot without requiring the district to come forward with specific evidence showing that due process violations had ceased, we submit fell far short of the standard. How can you ever show that? How could they ever show that they've totally ceased? The district? Yeah, how could they ever show that? They go out and say that there's not any out there today? We went around all our pharmacies and said, have you violated today? It would be very hard for them to show it in a pre-discovery stage, Your Honor. They would have to come forward with evidence that they were actually giving notice, that they had policies, practices, and procedures to ensure that plaintiffs were actually receiving due process. So that is what we submit that the district could have done, should have done. Any defendant in a case such as this would be required to do in order to prove mootness. It is appropriately a high bar. It is a high standard. And plaintiffs, even though the plaintiffs were not allowed to take discovery and did not have the burden of proof, came forward with unrebutted evidence to show that the district's due process violations are ongoing. I see that over my time. Do you have any questions, Judge Tatum? Thank you, Mr. Hall. We'll give you some time on your phone. Good morning. May I please support Richard Love for the District of Columbia? The district already has a notice of policy that the district court found satisfied due process. The plaintiff's arguments here are based on a different case. Why is the policy enough when the allegation is that there's a deprivation of due process at the counter when people are trying to purchase their prescription drugs? Why is the policy enough? Why are you not responsible for ensuring that the policy is implemented? Well, I think it's not enough because the claim that the plaintiffs have brought, and this is consistent in all of the complaints from the original complaint, the first amended complaint, and the second amended complaint, as well as in their other motions that they have filed before the court, is based on a failure of the district to have a policy, a transmittal, a regulation, or any guidance that provides for individualized written notice at the point of sale when a Medicaid prescription is denied. Paragraph one of the complaint says that the district's policies, procedures, and practices of failing to provide individualized notice violate the due process clause. I mean, that sounds like the allegation is that they're failing to get notice. And then they go through several paragraphs in the complaint, 44 through 57, where Maldonado herself alleges that she was repeatedly denied a prescription without notice. So the allegation isn't just that there's an absence of policy. It's that they're, in fact, not getting the actual notice when a prescription is denied. That's what the complaint says. Well, I agree, Your Honor, that the injury that they assert is that they don't receive written notice at the point of sale when their prescription is denied. But the moving cause of their violation has consistently been the lack of a district policy. No, I just read you from the complaint that their allegation is that they're actually not getting notice. And also, in our earlier decision in this case, one of our earlier decisions in this case, NB, we described the plaintiff's allegation as the district, quote, systematically failing to provide Medicaid recipients with actual notice. And that was the basis for their Article 3 standing. So you've got the complaint saying they're being denied notice. You've got our earlier decision saying they're systematically denied notice, and that that is the basis for the Article 3 injury. So I don't see how you can say that the only thing they're seeking is a policy. Well, I think that the basis of their claim was that the lack of a policy. Their complaint was, yeah, the district doesn't have a policy and we're being denied the information required by the Due Process Clause. I agree. Now, you have a policy, but they still have evidence that they're, in fact, not getting the required, the notice that they believe they're entitled to under the Due Process. I agree, Your Honor, that that, as I said, the injury is their failure to receive notice, but the because, the moving cause, the original theory of this claim has always been a lack of policy or procedure that required it. And in your decision in NB1, you know, the court found standing that plaintiffs have directly traceable to the district Medicaid agency's failure to establish policies and procedures for providing the required notice. Right, and procedures. Exactly. And now that's exactly what the district has done. Counsel, excuse me. These are individual plaintiffs. What good is a policy to them if it's not being implemented? If they're not getting the notice that they're entitled to under the Due Process Clause at the point of sale, what good is a policy that's not being implemented to individuals standing at the counter? Well, I would submit that there's not evidence that they're not getting the policy particularly. Well, to the contrary, apparently there is evidence in the record that they're not getting it in 13 out of 16 pharmacies that they surveyed. But if we disagree with you, if we find or hold that the plaintiff's claim was not tied strictly to policies, then do you agree that you would lose this case and this is a remand? Yes, Your Honor. Thank you. I would submit, however, at a minimum, the policy portion of this claim is we have a finding by the district court that the policy satisfies a due process. It provides its constitution. Why would we have to decide that? We would just remand this and then there would be further proceedings. Why would we hold this partially? That makes no sense. Well, I think it's important for the court to be clear on what this is being remanded and this is a municipal liability case. It was originally premised on a lack of a policy. Now it's a practice case, but we don't have evidence. We don't have factual allegations in the complaint. At this practice, there's a practice of violating the current policy that is so widespread, egregious and persistent as to be a standard operating procedure of which municipal policy. Would you be in a better position on that argument if the district court had permitted discovery instead of granting summary judgment? Undoubtedly, Your Honor, but my suggestion simply is if it's remanded, it should be remanded on the sole remaining issue, which is whether or not the district has a practice of violating the 2020 policy. In other words, that that policy is violated. So are you conceding the case should be remanded then? No, I'm saying at least my original argument hasn't changed. The question was, if you don't accept that this is tied to a policy, what would be the repulsion? Yes, I think the court would then have to remand, but as I suggest, I think the policy portion of this is moot and it is important to find that the district court and it hasn't been changed. Do you have any precedent for us doing a partial remand like that, holding part of the case moot and remanding the rest? I don't see why we would do that. If there are going to be further proceedings in the district court, we should just remand for further findings consistent with whatever we say in our opinion. Do you have any precedent for us doing what you're proposing? Well, I do think we cite precedent in terms of that of the court's finding that the notice that the policy requires is constitutionally sufficient as law of the case, and it hasn't been squarely challenged in this appeal. That would be up to Judge Leong. It would be up to the district court on remand to determine that. Well, I'm curious about your character a few questions ago. Excuse me. You said there wasn't any evidence that people aren't getting notice. And the district court said it was only a handful. Let me just, here's what the plaintiffs say they found in their survey. Noncompliance with the transmittal memo in all eight wards. Only three out of the 16 pharmacies, only three of the 16 pharmacies said they were getting notice. And that Medicaid recipients, including the named plaintiffs in this case, were denied Medicaid coverage without any notice. That doesn't sound like, I mean, they haven't even had any discovery and this is, and they also say in their brief that the district didn't challenge any of that in the district court. Is that correct? Well, no, the district didn't challenge the BR's declaration, which is the only competent evidence in the case. And it said it really couldn't address the hearsay declaration as to what the various pharmacists told. This, this is, this evidence is, this is, this evidence is unchallenged, at least at this stage. So it's a little hard for me to see how you could characterize this, or do you agree that this is quote a handful? I didn't mean to. No, that was a district judge who said a handful. I was asking if you agreed with him. I think there are sporadic instances of noncompliance. After all, there are hundreds of pharmacies, hundreds of prescriptions. Noncompliance in all eight wards of the district. Well, I, we, we disagreed with that interpretation as we set forth in our brief. I think if you disagree on your brief, but you didn't disagree in the district court and the plaintiffs hadn't had any discovery. Well, I'm not putting forth evidence. I'm simply saying that I read those declarations and at least nine of those pharmacies provide notice in some form, whether through an insurance form, a text or an email. And in terms of whether there's notice provided constitutionally, that is sufficient, whether it's provided through the district required notice form or some other notice. By the way, just in terms of your argument that the policy, your basic argument is still we've issued a policy that answers the complaint, right? Case cases move, right? That's the original claim. The policy is suppose, suppose after the Supreme Court decided Brown versus board, the states had simply passed laws saying no more dual system, period. You think that would have made Brown moot? I think it depends on how the complaint was, was filed. Just like this case that students are claiming that they're denied admission to white schools. So the state passes a law saying anybody can go to any school they want. And the plaintiff says, wait, we're still being denied admission to those schools. Under your theory, it would be dismissed, correct? Because the states have a policy. I think the difference in this case, your honor, is that this is a municipal practice case. And to show municipal liability, you need to show either a policy or practice. It's a moving cause of the violence. And here, the theory of the moving. I'm sorry, so the Brown v. Board case would not be in a similar posture? I'm sorry? Judge Tatel asked you a hypothetical involving Brown v. Board, and that's not a municipal practice if children are denied. No, I agree. I'm not disagreeing with, no, it would not be moot. I'm simply pointing. Then I don't understand how this case is moot. It's the same case, exactly the same. I think as I put it before you, we believe at minimum, the policy issue is a moot issue. Remain. The issue before us today is based on a summary judgment on a jurisdiction question. That is to say whether the case is moot or not. Now under Herbert, district courts can and in times must have evidentiary proceedings with respect to the jurisdictional facts on which a jurisdictional decision is made. So why would it not be the case that at least the district court should have permitted the plaintiffs to go forward with discovery to answer the jurisdiction question in the Victor Herbert type hearing? I think that the court did not use its discretion in not allowing discovery because I think the discovery that the plaintiff requested really went to implementation of the 2020 policy and not the constitutional sufficiency of the policy. And certainly it could have. If the question is open, then if you look in the original complaint, I will grant you the amended complaint is principally directed toward policy, but they do have the words practices into the magic words from the municipal liability cases are in there, aren't they? Yes, they are. Okay. But I would submit that the practice is to have a policy requirement. Yeah. So now though, once the question has become mootness, why shouldn't they be entitled to at least attempt to show facts from which the court might determine that the practices do not match the policy? I think that raises the question whether the district court abuses authority in denying it. And as I said, well, you don't really have discretion on a summary judge. You have to find, to conclude that there's no substantial question of material fact. That's not a discretionary question. That's a question of law. The abuse of discretion is not the standard on summary judgment, is it? No, but it would be on whether or not the district court did not allow that the type of discovery that you suggest should have been allowed to determine whether there was jurisdiction. Now, again, normally we would think that the lapse of time here would say, well, they should have got it done before summary judgment. The mootness question didn't come up till this stage, obviously, with the litigation. So again, maybe apply the abuse of discretion even then and say, shouldn't there have been at least an allowance of an attempt to show that the practices were not meeting standard? I certainly think that the court could have authorized that discovery, but I don't think it abuses discretion. Thank you. Anything else? Thank you very much, Mr. Thank you. Mr. Huang, we'll give you one minute. Mr. Huang, if you could address your motion to remand to a different judge. We haven't had a chance to touch on that. Yes, Your Honor. Put simply, this case is over 12 years old, and plaintiffs have never been to discovery. I'll note that in 2012, when we were before this court and the case was remanded on standing, this court wanted the case to proceed to merits. Regretfully, we have not been able to proceed to merits in the over 10 years since then. It has to be truly extraordinary under our case law for us to do that. What's your best argument for why this is truly extraordinary? We believe that that fact itself is extraordinary. It's not usual for a case of this nature to have gone 12 years without discovery. Beyond that, the way that the district court has adjudicated the merits of plaintiff's motions versus the district motions has not been fair. The district court has refused to adjudicate plaintiff's motions for class certification. The rule for class certification states that those motions should be adjudicated at the earliest practical stage. The district court has refused to adjudicate plaintiff's motions for summary judgment, and on the other hand, the district court has entertained motion to dismiss after motion to dismiss, filed by the district, which has resulted in three trips for this court. It is the unequal treatment, and plaintiffs have essentially been unable to prosecute their case. They've been prevented from doing that. Discovery has been stayed. Most of the entire case, plaintiffs haven't had the opportunity to take discovery, and so because of those facts, plaintiffs believe that reassignment is appropriate. Thank you. Any other questions? Thank you very much, Mr. Wong. Case is submitted.
judges: Pan, Sentelle, Tatel